972 F.2d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry B. CALLAHAN, (Burke); Jonathan E. Hughes,
Plaintiffs-Appellants,
v.
Judge William BETTINELLI; Judge Lloyd Von Der Mehden; et
al., Defendants-Appellees.
 Nos. 91-15582, 91-16214.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherry Callahan and Jonathan E. Hughes appeal pro se the district court's dismissal of their action against two California superior court judges and various private actors and against the County of Sonoma for vicarious liability. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Judicial Immunity
 
 
 4
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Immunity attaches even if the acts were in error or were performed maliciously. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 5
 Here, the district court properly found that the judges actions were judicial acts immune from actions for damages. See Ashelman, 793 F.2d at 1075; Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir.1987) (judges are absolutely immune from section 1983 liability), cert. denied, 486 U.S. 1040 (1988).
 
 II
 County of Sonoma
 
 6
 A municipality can be found liable under 42 U.S.C. § 1983 only if the municipality causes the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 385 (1989). Respondeat superior or vicarious liability is not available under section 1983 nor can section 1988 be used to create a federal cause of action if section 1983 does not otherwise provide one. See Monell v. Department of Social Servs., 436 U.S. 658, 701 n. 66 (1978).
 
 
 7
 Here, the plaintiffs' claims against the county are based on vicarious liability and thus fail to state a cognizable claim. See id.; Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir.), cert. denied, 112 S.Ct. 275 (1991).
 
 III
 Private Actors
 
 8
 The defendant attorneys and other private actors are not subject to suit under section 1983 because they are not private persons who do not act under color of state law. See Polk County v. Dodson, 673 F.2d 266, 268 (9th Cir.1982). Moreover, Plaintiffs' conclusory allegation of conspiracy are insufficient to state a cognizable claim. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3